IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          CIV 17-0265 JCH/JHR

JUAN R. EDWARDS, and
NEW MEXICO DEPARTMENT
OF TAXATION AND REVENUE,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Motion to Intervene (Doc. 15) ("Motion"), filed by Robert Mason, Trustee for the Ford Ruthling Administrative Trust, a non-party and proposed Intervenor in this action ("Movant" or "Proposed Intervenor"), and Memorandum of Law in Support of Robert Mason's Motion to Intervene (Doc. 16), on July 11, 2017. Movant also filed a Proposed Complaint in Intervention (Doc. 19) and a Proposed Answer in Intervention (Doc. 18) as appendices/supplements to the Motion on July 12, 2017. Plaintiff United States of America and Defendant New Mexico Taxation and Revenue Department ("NMTRD")[1] do not oppose the Motion, but Defendant Juan R. Edwards ("Edwards") opposes the Motion. Edwards filed, *pro se*, "Defendant's Answer & Response to Proposed Intervenors' Complaint in Intervention & Motions Defendant's [sic] Motion to Amend Case Caption" on August 3, 2017. Movant then filed its "Reply to Defendant Juan R. Edwards' Response in Opposition to the Motion to Intervene" (Doc. 21) on August 11, 2017. Having thoroughly

---

[1] NMTRD filed an unopposed Motion to Dismiss (Doc. 24), which was granted on September 14, 2017. (Doc. 30). The Motion to Dismiss notes that Movant was contacted on August 9, 2017 for his position, and that he indicated he did not oppose the Motion.

1

considered the parties' briefings, supplemental proposed pleadings and attached exhibits, and relevant law, I find that the Motion has merit, and therefore recommend that the Motion be granted.

**BACKGROUND**

On February 28, 2017, the United States of America filed a Complaint in this Court against Juan R. Edwards ("Edwards") to:

(1) reduce to judgment against defendant Edwards unpaid federal tax liabilities,
(2) foreclose federal tax liens against, and sell, certain real property located in Santa Fe County, New Mexico, owned by the defendant Edwards, and
(3) obtain, if appropriate, the 10% surcharge available under sub-chapter B or C of the Federal Debt Collection Procedure Act.

(Doc. 1 at 1). The Complaint alleges that Edwards has a total tax liability of $35,815.68, which remains unpaid, and that a federal tax lien arose upon each assessment of tax liability that "attached to all property or rights to property then owned, or thereafter acquired, by defendant Edwards." (*Id.* at ¶¶ 6-8). The Complaint then alleges that "Defendant Edwards is the owner of certain real property located at 309 and 311 East Berger Street, Santa Fe, Santa Fe County, New Mexico…" ("subject real property"), and that the Internal Revenue Service had recorded Notices of Federal Tax Lien in the Office of the County Clerk of Santa Fe County, New Mexico against Edwards that attach to and encumber his real property including the subject real property. (*Id.* at ¶¶ 9-11). The United States seeks to foreclose the tax liens against Edwards' interest in the subject real property. (*Id.* at ¶ 12).

Edwards filed a Response to the Complaint on March 16, 2017 (Doc. 4), in which he asserts, "Due to the nature of the property, past construction, lot ownership and legal lot-line reconfigurations, upon which foreclosure is sought there are additional parties and entities which may be joined in this case as defendants. Therefore, the legal description of property in the

motion, under Count II (SUBJECT PROPERTY) and supporting legal description is incorrect." (Doc. 4 at ¶ 2).

The United States filed a First Amended Complaint upon leave of the Court on August 4, 2017. (Doc. 22; Doc. 23). In its Amended Complaint, the United States seeks to clarify "the legal description of the property (¶ 9) upon which the United States seeks to foreclose its tax liens." (Doc. 23 at 1). The amended legal description adds certain exceptions to the legal description for an apparent conveyance of a five-foot wide parcel, but otherwise includes all other real property with the physical description of "309 East Berger Street (Edwards Tract 1) and 311 East Berger Street (Edwards Tract 2), Santa Fe, Santa Fe County, New Mexico."

**The Motion to Intervene**

In the Motion to Intervene, Movant states that the "validity of the conveyance and defendant Edwards' interest in the subject real property is the subject of litigation pending in a New Mexico state district court, *Mason v. Edwards*, D-101-CV-2017-00581 ("State Court Action"), between Movant and defendant Edwards." (Doc. 15 at ¶ 8). More specifically, the Motion states that Edwards, as Grantee of real property with the physical description of 309 and 311 E. Berger Street, Santa Fe, Santa Fe County, New Mexico (the subject real property), failed to deliver the purchase price to Grantor, the Ford Ruthling Administrative Trust (the "Trust"). (*Id.* at ¶ 9; Doc. 19-1 at ¶¶ 3, 19). As such, Movant argues that the Trust's interest in the subject real property will be impaired if the Court grants the United States' request for relief. (Doc. 15 at ¶ 11).

In his Response, Edwards argues that the allegations in Movant's Proposed Complaint in Intervention that are parallel to those in the State Court Action should be "barred by the Abstention Doctrine and, therefore, could only rest after legal determination of *res judicata* from

the NM Complaint." (Doc. 21 at 3). In addition, Edwards argues that his "ownership of 'Subject Property' is supported with a legally, [sic] recorded Deed with Ford Ruthling," and that in contesting the deed, Movant is violating the Trust Agreement and should be removed as Trustee. (*Id.* at 4-5).[2] Movant replies that it is not asking the Court to adjudicate the nature and scope of its interest in the subject real property but merely requesting to intervene in this case to protect its interest in the property sought to be foreclosed. (Doc. 25 at 2-4).[3]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 provides the mechanisms available for intervention as of right and permissive intervention. Rule 24(a) for intervention as of right provides that:

> On timely motion, the court *must* permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

When a movant has sought intervention in a district court, the court will usually take a liberal view of Rule 24(a). *Pub. Serv. Co. of New Mexico v. Barboan*, 857 F.3d 1101, 1113 (10th Cir. 2017).

**ANALYSIS**

I. **Movant Has Filed a Timely Motion to Intervene.**

Edwards does not argue that the Motion is untimely but rather premature under a theory of abstention under the doctrine articulated in *Colorado River Water Conservation District v.*

---

[2] The argument that Movant has violated the Trust Agreement and request to remove Movant as Trustee are beyond the scope of the Motion to Intervene and will not be considered herein.

[3] Movant also argues that Edwards essentially consented to the Motion pursuant to D.N.M. LR-CIV 7.1(b) by failing to file a timely Response. (Doc. 25 at 1-2). However, Edwards still actually filed a Response, albeit untimely. While Edwards is required to follow the rules of procedure as a *pro se* litigant, the undersigned does not recommend viewing the untimely filing of the Response as consent to the Motion and will review the Response as if timely filed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.")

4

*United* States, 424 U.S. 800 (1976), because the state court action has not yet concluded. However, the undersigned finds that the Motion is neither untimely nor premature.

In considering the timeliness of a motion to intervene, a court considers: "(1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir.1984) (internal markings omitted). However, these factors are not exclusive, and the court should review the motion "in light of all the circumstances," and consider "the existence of any unusual circumstances" when deciding a motion's timeliness. *Id.*

Movant asserts that Edwards did not inform it about the instant action when it filed the State Court Action, and only learned of the federal action when NMTRD contacted Movant in late June 2017 when NMTRD noticed Movant's Notice of Lis Pendens related to the State Court Action. (Doc. 16 at 3-4). It does not appear from Defendant's Response that he contests these assertions. Therefore, the undersigned accepts them as true, and finds that Movant, having filed the Motion to Intervene in a matter of weeks upon learning of the action, acted timely. At the time the Motion was filed, no other motions were pending and the final responsive pleading was filed less than a month before. Moreover, Movant, having a pending state court action related to the subject property, would be prejudiced in not being allowed to intervene. Therefore, the undersigned finds that the Motion is timely.

The undersigned also finds that the Motion is not premature, and abstention under the *Colorado River* doctrine does not apply. The *Colorado River* doctrine is not a tool to preclude a party from intervening but a principle for dismissal of a concurrent federal case under particular circumstances. Edwards has not moved for dismissal under an abstention theory, and dismissal

would be an inappropriate remedy in a Motion to Intervene. As the Supreme Court noted in *Colorado River Water Conservation Dist. v. United States*, the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," which can be justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." 424 U.S. 800, 813 (1976). Between federal and state court actions, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).

This is not a case where a state court has obtained custody or control over property before the federal court asserted jurisdiction. While *Colorado River* also recognized that it had previously been held that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts," that principle does not apply to this case where neither the federal or state court has taken "custody" or control of the subject property. *Id.* at 818 (citing *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) ("[T]he state or federal court having *custody* of such property has exclusive jurisdiction to proceed.") (emphasis added); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (stating that the principle that the court that assumed jurisdiction first over property has exclusive jurisdiction applies to cases where the property has actually been seized and other suits where the court must control the property); *United States v. Bank of New York & Tr. Co.*, 296 U.S. 463, 477 (1936) (applying the same principle to a quasi in rem case where control of funds was essential to the court's jurisdiction); *c.f. Markham v. Allen*, 326 U.S. 490, 494 (1946) (a federal court "may exercise its jurisdiction to adjudicate rights in [] property where the final judgment does not undertake to

interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."); *and United States v. Klein*, 303 U.S. 276, 281 (1938) ("Other courts having jurisdiction to adjudicate rights in the property do not, because the property is possessed by a federal court, lose power to render any judgment not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property.")). The State court proceeding raises the question of Movant and Edwards only. While the relief demanded in State court includes quieting title and ejectment, it does not include foreclosure or any other form of control over the real property itself. Alternatively, if the governing principle here is to honor the jurisdictional primacy of the first court in time, the later-filed state proceeding would be subordinate to this proceeding. This action was filed first on February 28, 2017 while the State Court Action was filed two days later on March 1, 2017, and thus the federal court would have jurisdiction over the subject property. As such, the *Colorado River* abstention doctrine does not apply to this case.

    **II.**    **Movant Has an Interest Relating to the Subject Property, Disposing of the Action May Impair or Impede the Movant's Ability to Protect Its Interest, and No Existing Parties Adequately Represent That Interest.**

Movant seeks to intervene in the current action under Fed. R. Civ. P. 24(a) in order to protect its purported interest in the subject real property, claiming that its interest will be impaired if the Court disposes of the case in Plaintiff's favor, and that no party is currently representing its interest. In the alternative, Movant argues that the court should grant intervention under Fed. R. Civ. P. 24(b)(1)(B) because the instant action shares the common question of law and fact of "whether defendant Edwards actually has proper legal title to the subject real property." (Doc. 16 at 6). Movant's purported interest in the subject real property is that Movant's state court action essentially alleges that Edwards is wrongfully in possession of the subject property due to his

7

breach of a Purchase Agreement with Ford Ruthling through his Trust, and wrongfully received a warranty deed for the subject real property. (Doc. 19-1 at 1-4).

The undersigned finds that Movant has an interest in the subject real property that is at issue in this case and the State Court Action. The United States has recorded Notices of Federal Tax Liens in Santa Fe County, New Mexico, and has requested for those tax liens to be foreclosed against the subject real property in the judgment for Edwards' unpaid tax liabilities. (Doc. 1 at ¶¶ 9-11). Movant's state court action seeks to set aside Edwards' deed to the subject real property and quiet title, reverting ownership back to the Trust and/or Estate. Thus, Movant has an interest in the subject real property as its purported ownership is currently being litigated.

The undersigned agrees that Movant not only has an interest in the subject real property, but its ability to protect its interest may be directly impaired or impeded by disposition of this action, because the subject real property may be foreclosed upon if Plaintiff is successful in obtaining the relief it seeks. The possibility that the subject real property may be foreclosed upon prior to the determination of Movant's interest in the subject real property and relief sought in the State Court Action would, as a practical matter, affect Movant's substantial legal interest, and is sufficient to meet the minimal burden to satisfy the impairment element for Rule 24(a) intervention. *See WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) ("To satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied. This burden is minimal. If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.") (internal markings and citations omitted) (emphasis added).

Finally, it is clear that no existing party adequately represents Movant's interest in the subject real property. Edwards' interest in the subject real property is his own proclaimed self-interest, not Movant's, the Estate's, nor the Trust's. Conversely, Plaintiff's interest in the property is seeking foreclosure of Edwards' tax liabilities upon the subject real property, *i.e.* to sell the subject real property and apply the proceeds of the sale to Edwards' tax liabilities. Thus, Plaintiff's and Edward's interests in the subject real property are divergent from Movant's, and Movant has therefore satisfied this minimal requirement to show that its interests will not be adequately represented. *See WildEarth Guardians*, 573 F.3d at 996 ("[T]he burden to satisfy this condition is 'minimal,' and [] the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants. An intervenor need only show the *possibility* of inadequate representation.") (internal markings and citations omitted) (emphasis in original).

Movant has met all requirements for intervention as of right under Fed. R. Civ. P. 24(a). The Motion was filed early in the case and is therefore timely. Movant has an interest relating to the subject property because it claims proper ownership in the property. Disposing of the action in Plaintiff's favor by foreclosing on the subject real property may impair Movant's interest in quieting title and retaining possession of the property. Finally, none of the current parties can adequately represent Movant's interests in the subject property. Therefore, all requirements under Fed. R. Civ. P. 24(a) have been met, and in light of the liberal view this Court takes of Rule 24(a) intervention, Movant must be allowed to intervene as of right.

### III.     The Case Caption is Appropriately Named and Should Not Be Amended

Edwards requests the Court to amend the case caption "to reflect Defendant as: Juan R. Edwards, as Beneficiary in the Ford Ruthling Living Trust, Dated November 3, 2009 / Defendant." (Doc. 1 at 7). Proposed Intervenor responds that Edwards is not a beneficiary of the

Trust, he has proffered no evidence that he is a beneficiary thereto, and the action is a foreclosure on federal tax liens on Edwards' real property, and therefore not related to the Trust. (Doc. 26 at 1-2).

The undersigned agrees with Proposed Intervenor that this action is related to potential tax liability against Edwards individually, and is not related to the Trust. Amending the caption to reflect Edwards as beneficiary of the Trust would thus be inappropriate, because the United States of America has not brought this action against Edwards as beneficiary of the Trust. Therefore, the undersigned does not recommend that the case caption be amended.

## CONCLUSION

For the foregoing reasons, the undersigned proposes to find that the parties' briefings and record conclusively establish that Movant must be allowed to intervene as of right. Consequently, the undersigned recommends that the Motion to Intervene be GRANTED and Movant's Proposed Answer and Complaint in Intervention be entered into the record. The undersigned also finds that Edwards' Motion to Amend the Case Caption lacks merit and should be DENIED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---